IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADRIAN M. LOCKRIDGE,

                Plaintiff,

  v.                                             OPINION and ORDER

MERRICK B. GARLAND,                       24-cv-256-jdp

                Defendant.

---

Plaintiff Adrian M. Lockridge, proceeding without counsel, brings several federal claims based on the general idea that Lockridge's disabled daughter was deprived of an appropriate education under the Individuals with Disabilities Education Act (IDEA). Because Lockridge is proceeding without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Lockridge's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted and other pleading problems, but I will allow Lockridge to amend the complaint to fix the problems identified in this order.

I begin with a general pleading problem. Lockridge's complaint is excessively long and full of argumentative, disorganized, and immaterial allegations. Many of Lockridge's allegations are difficult to decipher. I must construe Lockridge's allegations generously, but I cannot construct his claims for him.

I turn to more specific pleading problems. Lockridge seeks to invalidate a federal regulation, 34 C.F.R. § 300.8(a)(2), that be believes deprived his daughter of an appropriate education. But it's clear from the complaint and the documents that it refers to that Lockridge's daughter is no longer a minor and is out of high school. So invalidating that regulation would have no effect on his daughter's right to appropriate education *at this time*. This request for injunctive relief (which appears to be Lockridge's only request for relief) is moot. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (plaintiff's claim is moot when the court cannot grant him any form of meaningful relief). I will not allow Lockridge to proceed on his request for injunctive relief.

Lockridge brings discrimination claims on behalf of his daughter under the Fourteenth Amendment, ADA, Rehabilitation Act, and potentially other legal authorities. But a parent usually "cannot litigate the claims of his children unless he obtains counsel." *Tuttle v. Illinois Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order); *see also Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (a nonlawyer can't handle a case on behalf of anyone except himself). I will not allow Lockridge to proceed on claims brought on behalf of his daughter. To be clear, Lockridge might be able to bring his own claim under the IDEA because it "grants parents independent, enforceable rights." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007). But, again, it doesn't appear that I could grant Lockridge any meaningful relief on an IDEA claim for injunctive relief.

Lockridge brings a retaliation claim. But Lockridge's vague allegation that the school district referred him for truancy charges after his daughter stopped attending school isn't enough to infer that the school district took that action because he complained about potential violations of the IDEA, ADA, or Rehabilitation Act. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). I will not allow him to proceed on his claim.

I will allow Lockridge to amend his complaint to clarify the allegations supporting his claims and the relief that he seeks. Lockridge must file his amended complaint on the court's nonprisoner complaint form, which it will send him with this order. Lockridge must fill out the form completely. If Lockridge needs more space to allege his claims, he may submit no more than five supplemental pages. Any text or handwriting on the form or a supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. The amended complaint must not contain lengthy footnotes.

In drafting the amended complaint, Lockridge should be mindful that to state a claim, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Lockridge's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Lockridge should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Lockridge should identify the claims he wishes to bring in the amended complaint, but he should omit any legal arguments.

Lockridge should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights. Lockridge must explain what each defendant did, or did not do, that violated his federal rights. If there are multiple defendants, Lockridge should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Lockridge believes supports a claim, he should identify each defendant who took

3

that action. Lockridge also should identify by full name in the amended complaint's caption complaint each individual or entity that he wishes to sue.

Lockridge may submit evidence with the amended complaint to support his claims. But Lockridge is advised that I will not parse any exhibits for potentially helpful information and construct his claims for him. Lockridge must include all the factual allegations that support his claims in the amended complaint's body.

## ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Lockridge may have until October 4, 2024, to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, I may dismiss the case.

4. If plaintiff moves while this case is pending, he must inform the court of his new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

5. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint package.

Entered September 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge