IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADRIAN M. LOCKRIDGE,

        Plaintiff,

v.

MADISON METRO. SCH. DIST. and U.S. DEP'T OF EDUC.,

        Defendants.

OPINION and ORDER

24-cv-256-jdp

---

Plaintiff Adrian M. Lockridge, proceeding without counsel, alleged several federal claims based on the general idea that his disabled daughter was deprived of an appropriate education under the Individuals with Disabilities Education Act (IDEA). Dkt. 1. I dismissed the complaint for failure to state a claim for which I could grant relief and other pleading problems, but I allowed Lockridge to amend the complaint to fix those problems. Dkt. 4.

Lockridge filed an amended complaint that is very similar to the original complaint. Dkt. 5. Lockridge has again failed to state any plausible federal claim, and his allegations suggest that further amendment of his federal claims would be futile. I will dismiss Lockridge's federal claims without leave to amend, and I will relinquish jurisdiction over his state-law breach of contract claim.

ALLEGATIONS OF FACT

The amended complaint isn't very clear, but I will do my best to summarize it in an organized way. But I will not, as I explained before, "parse his exhibits for potentially helpful information and construct his claims for him." Dkt. 4 at 4.

Lockridge's daughter, F.L., used to attend East High School in Madison. (I determined in my screening order that F.L. is no longer a minor and is out of school, and Lockridge hasn't challenged that determination.) In December 2018, school nurse Bonnie Ohm remarked that F.L.'s anxiety was high enough to stop her from attending school. Ohm didn't submit a disability referral to the school.

In January 2019, the school's assistant principal, Michelle Smith, scheduled a meeting to establish an attendance improvement plan. According to Lockridge, Smith ignored F.L.'s disability and coerced Lockridge to accept alternative programs, which included hospitalization. Dkt. 5 ¶ 2. Around that time, school psychologist Ann Reyes said that she was the "section 504 coordinator" and acknowledged Lockridge's disability referral. Lockridge doesn't describe Reyes's duties as the section 504 coordinator, but I will infer that she played a role in ensuring the school's compliance with the Rehabilitation Act, American with Disabilities Act (ADA), and IDEA.

In early February 2019, while F.L. was hospitalized, school counselor Sarah Elmore was contacted about an academic plan for F.L., but Elmore didn't say that F.L. needed a disability referral. Later that month, the assistant director of student services, Nancy F. Molfenter, told Lockridge that she would contact the school about conducting a disability evaluation.

In late April 2019, Reyes sent Lockridge a notice of referral for an initial disability determination. The notice didn't describe any evaluation procedures.

On May 1, 2019, a disability evaluation was conducted. Reyes found that F.L. was disabled due to life experiences. Reyes didn't conduct a "state predictable assessment or any other disability assessment" during the evaluation. *Id.* ¶ 11. Reyes concluded that, because F.L. had anxiety, she was eligible for accommodations but not an Individualized Education Program

(IEP) under the IDEA. No special education teacher was present at the disability evaluation. Ohm stated during the disability evaluation that she hadn't received any information about the evaluation procedures and was unsure whether she could help. A teacher who participated in the evaluation, Angela Wilcox-Hull, made the same remark.

In June 2019, Lockridge and defendant Madison Metropolitan School District (MMSD) entered into a facilitated resolution as a part of a process offered by the U.S. Department of Education, Office of Civil Rights. Lockridge alleges that IEP coordinator, Rachel Fritz, breached the facilitated resolution by not: (1) providing notice of the procedures required to conduct a special education evaluation; or (2) conducting a state predictable assessment or other disability assessment. Lockridge further alleges that Elmore breached the facilitated resolution by inappropriately substituting course credit for work that F.L. completed while hospitalized.

A disability plan meeting was held on April 24, 2020. Reyes updated her intervention strategies.

## ANALYSIS

Lockridge sues the MMSD for violations of the IDEA, ADA, and Fourteenth Amendment, and Wisconsin law for breach of contract. Lockridge sues defendant U.S. Department of Education for violations of the Rehabilitation Act and Federal Tort Claims Act (FTCA). Lockridge seeks money damages.

**A. Claims against the MMSD**

    **1. IDEA claim**

Lockridge seeks money damages based on his IDEA claim, but "the IDEA does not provide this form of relief." *Charlie F. by Neil F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir. 1996), *abrogated on other grounds by Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154 (2017). The IDEA also authorizes, but doesn't guarantee, a parent's claim for reimbursement when he has spent money on educational services to compensate for school district's failure to comply with an IEP or otherwise provide his child with a free appropriate public education. *See Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369–70 (1985); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 597–98 (7th Cir. 2006). But the amended complaint "contains no specific mention of reimbursement" or any allegations "asserting a right to compensatory education." *See Brown*, 442 F.3d at 598. Lockridge alleges that F.L. was hospitalized, but he doesn't allege that he paid for that treatment. Lockridge hasn't stated a claim for money damages or reimbursement directly under the IDEA.

I also take Lockridge to bring a claim for damages under 42 U.S.C. § 1983 based on the MMSD's alleged IDEA violation. A municipal entity, like a school district, can be sued under § 1983 under what is referred to as a *Monell* claim. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978)). A *Monell* claim is effectively one against the municipality itself, and it would have to be based on an official municipal policy, a practice so widespread that it has the effect of official policy, or an allegation that a municipal employee with final policymaking authority inflicted the deprivation of federal rights. *See Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007).

Lockridge hasn't stated a *Monell* claim. Lockridge doesn't identify an official municipal policy that deprived him of a right under the IDEA. Furthermore, Lockridge's allegations are "specific to [his] own experience" and don't suggest that a widespread practice caused the deprivation of any right under the IDEA. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016); *see also Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016) ("*Monell* claims based on allegations of an unconstitutional municipal practice or custom—as distinct from an official policy—normally require evidence that the identified practice or custom caused multiple injuries."). Nor has Lockridge identified any MMSD employee with final policymaking authority that violated the IDEA. Lockridge alleges that Reyes concluded that F.L. was ineligible for an IEP, but the bare allegation that she was the section 504 coordinator doesn't plausibly suggest that she had final policymaking authority for the MMSD. I will not allow Lockridge to proceed on an IDEA claim.

2. **ADA claim**

I take Lockridge to base his ADA claim against the MMSD on its alleged failure to reasonably accommodate F.L.'s anxiety. In the initial screening order, I noted that Lockridge brought claims under the ADA and Rehabilitation Act and stated that "a parent usually can't litigate the claims of his children unless he obtains counsel." Dkt. 4 at 2. I will clarify that, in some cases, parents have enforceable rights under these statutes. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 643 (7th Cir. 2015). And I will assume for purposes of this opinion that Lockridge can bring an ADA claim based on the school's alleged failure to accommodate F.L.'s anxiety. *Cf. id.* ("The circuits that have addressed the question agree that these statutes protect a parent's request for a school to accommodate a child's disability.").

5

To state a reasonable accommodation claim, Lockridge must allege that: (1) F.L. was a qualified individual with a disability; (2) the MMSD knew of her disability; and (3) the MMSD failed to reasonably accommodate her disability. *See Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). I will assume for purposes of this opinion that Lockridge has alleged the first two elements. The issue is whether the MMSD failed to reasonably accommodate F.L.'s anxiety.

Lockridge's hasn't plausibly alleged that the MMSD committed this wrong. Lockridge hasn't described how, if at all, the MMSD failed to reasonably accommodate F.L.'s anxiety. Lockridge alleges that: (1) F.L. was hospitalized for her anxiety; (2) a disability evaluation was conducted; (3) he entered into a facilitated resolution with the MMSD; and (4) a disability plan meeting was held where Reyes updated her intervention strategies. These allegations don't suggest that the MMSD failed to reasonably accommodate F.L.'s anxiety. Lockridge's other allegations are vaguer and don't support this claim. I will not allow Lockridge to proceed on an ADA claim.

3. **Fourteenth Amendment and breach of contract claims**

Lockridge brings a Fourteenth Amendment claim against the MMSD. To proceed, at a minimum, Lockridge would have to allege that a municipal policy or custom deprived him of a right protected by the Fourteenth Amendment. Lockridge hasn't provided that allegation, even generally. I cannot discern a plausible basis for Fourteenth Amendment liability from Lockridge's vague allegations. Furthermore, Lockridge cannot litigate a Fourteenth Amendment claim on behalf of F.L. Dkt. 4 at 2. I will not allow Lockridge to proceed on a Fourteenth Amendment claim. I will address Lockridge's breach of contract claim at the end of the analysis.

B. **Claims against the Department of Education**

1. **Rehabilitation Act claim**

I take Lockridge to bring a reasonable accommodation claim against the Department of Education under the Rehabilitation Act based on the same allegations that purport to support an ADA claim. I will not allow Lockridge to proceed on the Rehabilitation Act claim for two reasons. First, Lockridge failed to state an ADA claim and the analysis under these statutes is mostly the same. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Second, the MMSD, not the Department of Education, was directly responsible for F.L.'s education. So, any failure to reasonably accommodate F.L.'s anxiety wouldn't be attributable to the Department of Education. Put differently, the Department of Education didn't conduct the "program or activity" in which the alleged failure to accommodate occurred. *Cf.* 29 U.S.C. § 794(a).

2. **FTCA claim**

"The FTCA permits suits against the United States for personal injuries caused by the wrongful acts of federal employees acting within the scope of their employment under circumstances in which a private person would be liable to the plaintiff." *Reynolds v. United States*, 549 F.3d 1108, 1112 (7th Cir. 2008); *see also* 28 U.S.C. § 1346(b)(1). "[T]he FTCA incorporates the substantive law of the state where the tortious act or omission occurred." *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013). I will assume for purposes of this opinion that Wisconsin law applies to this claim.

Lockridge alleges that the Office of Civil Rights denied his complaints against the MMSD in an unsatisfactory manner. But those bare allegations don't suggest that any Office of Civil Rights employee committed a tort against him. If Lockridge intends to base his FTCA

7

claim on his breach of contract claim, the breach of contract claim is not a tort under the FTCA. *See Karl v. United States*, No. 22-cv-136-jdp, 2022 WL 17989633, at *2 (W.D. Wis. Dec. 29, 2022). In any case, the facilitated resolution is between Lockridge and the MMSD; the Office of Civil Rights is not a party to it. Dkt. 5-4 at 2. I will not allow Lockridge to proceed on an FTCA claim.

**C. Breach of contract claim against the MMSD**

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I've dismissed Lockridge's federal claims, so I'll dismiss his state-law breach of contract claim without evaluating whether it might state a claim. Lockridge fails to establish that this court could exercise federal diversity jurisdiction over this claim because he and the MMSD are both Wisconsin citizens.

Lockridge may pursue his breach of contract claim in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

ORDER

IT IS ORDERED that:

1. Plaintiff Andrew M. Lockridge's amended complaint, Dkt. 5, is DISMISSED, with the result that: (1) his federal claims are DISMISSED without leave to amend; and (2) jurisdiction is relinquished over his state-law breach of contract claim.

2. The clerk of court is directed to enter judgment and close the case.

Entered October 30, 2024.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge